UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SANTOS PAULINO LOPEZ, individually and on behalf of others similarly situated,<br><br>   Plaintiff,<br><br>-against-<br><br>KAPOS AUTO INC., MARCELO CALDARAS, and MARIUS CALDARAS,<br><br>   Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

   Plaintiff SANTOS PAULINO LOPEZ individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants KAPOS AUTO INC. (the "Corporate Defendant"), MARCELO CALDARAS, and MARIUS CALDARAS (the "Individual Defendants") (the Corporate Defendant and Individual Defendants are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

   1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

   2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## **THE PARTIES**

3. Upon information and belief, the Corporate Defendant is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 8050 Cypress Avenue, Ridgewood, NY 11385.

4. Defendants operate two car dealerships in Queens, New York.

5. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

6. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

7. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

9. Plaintiff used tools and materials, such as soap, polish, and wax as part of his job duties that, upon information and belief, travelled through interstate commerce.

10. Upon information and belief, the Individual Defendants reside in the State of New York and each is an owner, manager and/or employee of the Corporate Defendant.

11. Upon information and belief, each Individual Defendant is a principal and officer of the Corporate Defendant.

12. The Individual Defendants each manages Defendants' employees, and hires and fires them, sets their rate and method of pay, determines their work schedule, and upon information and belief maintains employment records.

13. Marcelo hired Plaintiff and determined the amount of his pay.

14. Marius terminated Plaintiff's employment, set his pay and schedule, and paid him.

15. The Individual Defendants each possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

16. Plaintiff has been employed by Defendants to work as a laborer within the last six (6) years.

17. The Individual Defendant are each engaged in business in the City of New York, County of Queens. They are each sued individually in his capacity as an owner, officer, employee, and/or agent of the Corporate Defendant.

18. The Individual Defendants exercise sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA and New York State Labor Law ("NYLL").

19. The Individual Defendants, as one of the ten largest shareholders of the Corporate Defendant, are each individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

20. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

3

## NATURE OF THE ACTION

21. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of himself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.* on behalf of himself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

   i. Defendants' failure to pay proper overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

   ii. Defendants' failure to pay proper minimum wage compensation required by state law and regulations to Plaintiff; and

   iii. Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195.

22. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

23. Additionally, Plaintiff brings this action to challenge Defendants' practice of disability and age discrimination in the terms, conditions, and privileges of Plaintiff's employment in violation of the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL").

24. During all relevant times, Defendants employed at least four (4) people and constituted an employer within the definition of the NYCHRL.

25. Pursuant to § 8-502(c) of the NYCHRL, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

26. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

#### A. Plaintiff's Schedule and Pay.

27. Plaintiff worked for Defendants as a car cleaner from 2011 until approximately October 15, 2020.

28. Throughout Plaintiff's employment, Plaintiff worked Monday through Saturday each week and also Sunday once or twice a month, although in some months he worked all Sundays.

29. Plaintiff began work on at approximately 9:00 a.m. and generally worked until approximately 7:00 p.m.

30. During Plaintiff's employment, Defendants paid Plaintiff a set weekly salary in cash.

31. In 2013, Defendants paid Plaintiff $450 a week.

32. In November 2019, Defendants gave Plaintiff a raise to $500 weekly.

33. Defendants also paid Plaintiff an extra $75 if he worked on Sunday.

34. Defendants did not pay Plaintiff the minimum wage for each hour he worked.

5

35. Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him at an overtime premium of 150% of his regular rate.

### B. Additional Wage Violations Affecting Plaintiff.

#### 1. Notice and Recordkeeping Violations.

36. Defendants failed to provide Plaintiff with a wage notice or proper paystubs in compliance with NYLL § 195.

37. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

38. Defendants also did not provide Plaintiff with a paystub specifying each of the regular and overtime hours he worked and containing all the other information required under NYLL § 195.

39. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### C. Defendants' Discriminatory Conduct.

40. Defendants discriminated against Plaintiff based on his age and disability.

41. Plaintiff is 40 years old.

42. In January 2020, Plaintiff developed an infection on his foot, which resulted in a number of toes having to be amputated.

43. As a result of the procedure, Plaintiff took medical leave until June 2020.

44. In June, Plaintiff then asked to return to work. Defendants refused to allow him to return

45. In and about October 2020, Defendants permitted Plaintiff to work for 6 days. After permitting Plaintiff to work those days, however, Defendants terminated his employment.

46. Defendants hired, upon information and belief, younger employees to perform Plaintiff's work.

## II. Collective Action Allegations.

47. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees.

48. Plaintiff's Consent to Sue is attached as **Exhibit 1**.

49. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants who worked at Defendants' two car dealerships pursuant to 29 U.S.C. § 216(b).

50. Upon information and belief, there are at least 40 employees performing similar duties working at Defendants' two car dealerships who have been denied overtime compensation while working for Defendants.

51. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage and overtime compensation for hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are similar to those of other employees.

52. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III. Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

53. Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants performing similar duties as Plaintiff working at Defendants' two car dealerships during the relevant statute of limitations.

54. Upon information and belief, this class of persons consists of not less than 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

55. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

56. The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

57. Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

58. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

59. Plaintiff brings the second through fourth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

### FIRST CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations)

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

62. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

63. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (NYLL Minimum Wage Violations)

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the NYLL, as detailed in this Complaint.

66. Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff and others similarly situated the New York State minimum wage for each hour worked, in violation of the NYLL.

67. Plaintiff seeks damages in the amount of her respective unpaid compensation, liquidated (double) damages as provided by the NYLL, attorneys' fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(NYLL Overtime Wage Violations)**

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

70. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

71. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
**(NYLL Failure to Notify)**

72. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

73. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

74. Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiff a wage statement containing, *inter alia*, a record of each hour worked and the employee's rate of pay.

75. Defendants failed to provide Plaintiff with a wage notice or with wage statement in accordance with §195 of the NYLL.

76. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and others similarly situated seek damages in accordance with §198 of the NYLL for each day Defendants failed to provide such notice and wage statement, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
**(Impairment Termination  
On the Basis of Disability  
In Violation of City Law)**

77. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

78. By the acts and practices described above, Defendants discriminated against Plaintiff by terminating his employment on the basis of his impairment, in violation of City Law.

79. Defendants knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

80. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

**SIXTH CLAIM FOR RELIEF**
**(Retaliatory Termination**
**On the Basis of Disability**
**In Violation of City Law)**

81. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

82. By the acts and practices described above, Defendants retaliated against Plaintiff by terminating his employment because he requested and availed himself of a reasonable accommodation, in violation of City Law.

83. Defendants knew that its actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

84. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

### SEVENTH CLAIM FOR RELIEF
### (Failure to Provide a
### Reasonable Accommodation
### In Violation of the NYCHRL)

85. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

86. By the acts and practices described above, Defendants unlawfully failed to provide Plaintiff with a reasonable accommodation in violation of NYCHRL.

87. Defendants knew that their actions constituted unlawful discrimination and acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

88. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### EIGHTH CLAIM FOR RELIEF
### (Age Termination
### In Violation of City Law)

89. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

90. By the acts and practices described above, Defendants discriminated against Plaintiff by terminating his employment on the basis of his age, in violation of City Law.

91. Defendants knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

92. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate

result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: January 11, 2020  Respectfully submitted,
      New York, New York

                                                   Michael Taubenfeld
                                                   FISHER TAUBENFELD LLP
                                                   225 Broadway, Suite 1700
                                                   New York, New York 10007
                                                   Phone: (212) 571-0700
                                                   *ATTORNEYS FOR PLAINTIFF*

EXHIBIT 1

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO:   KAPOS AUTOS INC.

PLEASE TAKE NOTICE that SANTOS PAULINO LOPEZ, as an employee of the above corporation who intends to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to him as a laborer, servant, and/or employee of the above corporation for services performed by him for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who has expressly authorized the undersigned, as his attorney, to make this demand on their behalf,

HE ALSO HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
       January 11, 2021

FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:   MARCELO CALDARAS and MARIUS CALDARAS

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that SANTOS PAULINO LOPEZ, on behalf of himself and on behalf of all others similarly situated, intends to charge you and hold you personally liable as one of the ten largest shareholders of KAPOS AUTOS INC., for all debts, wages, and/or salaries due and owing to him as a laborer, servant, and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and has expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
       January 11, 2021

FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
   *ATTORNEYS FOR PLAINTIFF*

EXHIBIT 2



## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de Kapos Autos Inc., o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

NOMBRE: Santos paulino Lopez

FIRMA: [signature]

FECHA: 12/28/2020

## CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT

I am an individual who was formerly employed by Kapos Auto Inc. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____
SIGNATURE

_____12/28/20_____
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Santos Lopez.

_____matthew vasquez_____
MATTHEW VASQUEZ