**F I S H E R | T A U B E N F E L D LLP**

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

December 13, 2021

**VIA ECF**

Honorable James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Lopez v. 7905 Kapo's Auto Inc. *et al.*
> Case No.: 21-CV-145 (WFK) (JRC)

Dear Judge Cho:

We represent Plaintiff in the above-referenced matter. We write to request that the Court approve the parties' settlement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). Attached is the parties' settlement agreement (**Exhibit 1**).

## 1. Procedural History and Background to the Settlement.

Defendant Kapos Autos, Inc. owns and operates a car dealership on New York City. Plaintiff Sanos Lopez alleges that Kapo's is owned by Marcelo Caldaras, and Marius Caldaras. Plaintiff Lopez worked for Kapos as a car cleaner from in or about 2011 until approximately October 15, 2020. Plaintiff alleges that generally worked over 60 hours a week, and that Defendants paid him a set salary and never paid him overtime pay. Specifically, he alleges that in 2013, Defendants paid him $450-$525 a week, (monthly 2 weeks of 6 days, plus 2 weeks of 7 days). Plaintiff also alleges that in 2019, Defendants then cut Plaintiff's pay to $340 a week although he worked fewer hours. Further, Plaintiff asserts that Defendants failed to provide him with proper paperwork, specifically wage notices or paystubs. Plaintiff alleges that these policies violated the FLSA and NYLL.

Separately, Plaintiff alleges that Defendants terminated him because of his disability and age. Specifically, Plaintiff took leave because of a foot infection. Although Defendants permitted Plaintiff to take leave, they ultimately terminated him and replaced him with younger employees.

The parties attended mediation through the EDNY mediation panel. With the assistance of the mediator, the parties reached a settlement, which they ultimately finalized in a

written signed agreement. Under the agreement, Defendants agreed to pay $40,000, with for first $20,000 paid within 14 days of Court approval and the remaining $20,000 paid out over 5 months. As part of the agreement, Defendants have agreed to confessions of judgment mandating that Defendants pay 125% extra should they breach the agreement. The agreement also provides that Plaintiff release any wage and hour claims and any additional claims asserted in the lawsuit and agrees to dismissal of this suit.

### 2. The Settlement is Fair and Reasonable.

Under the settlement agreement, Plaintiff will receive $26,025.33 and the attorneys will receive $13,012.67 in fees and $962 in costs.

In exchange for the $40,000 payment, Plaintiff agrees to a release of only wage-related claims and the discrimination claims he asserted in this case. There is no confidentiality or nondisparagement provision or provision prohibiting Plaintiff from reapplying for work with Defendants.

The amount and payout of the agreement is fair and reasonable. Plaintiff is receiving approximately 24% of his minimum wage and overtime damages, which is a significant percentage given the context. Crucially, Plaintiff has expressed a significant interest in leaving the United States to return to his country of origin in order to receive medical care that he cannot afford here. Plaintiff is understandably concerned that his ability to prosecute this case will substantially limited if he leaves the country. By settling, Plaintiff no longer has to worry about this case. Further, Plaintiff receives these payments in short order rather than having to engage in discovery, motion practice, trial, and appeals, a process that will likely take many years. In addition, Defendants have argued that the pandemic has hurt their business, and Plaintiff must take those claims into account. On liability and damages, Defendants proffered that they would call witnesses who would dispute Plaintiff's hours worked and pay received, and therefore Plaintiff's damages could be sharply reduced. Finally, Defendants also strenuously dispute Plaintiff's discrimination claims in their entirely and point out that they permitted Plaintiff to take medical leave.

Finally, the attorneys' fees are fair and reasonable as well. Counsel will be receiving $13,012.67 in fees, which is 33.3% of the total amount after deducting $962 in costs, which are (1) $402 in filing fees, (2) $165 in service costs, and (3) $300 for mediation costs. Courts in this Circuit regularly approve settlements of one-third or less and Plaintiff's retainer agreement provides for a 40% contingency fee. **Exhibit 2**.[1] See, e.g., Ezpino v. CDL Underground Specialists, Inc., No. 14CV3173DRHSIL, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017), report and recommendation adopted, No. CV143173DRHSIL, 2017 WL 3037406 (E.D.N.Y. July 17, 2017) ("A one-third contingency fee is a commonly accepted fee in this Circuit.") Regarding calculating the lodestar, as will be explained below, Plaintiff's lodestar is $5,520. I am requesting an hourly rate of $400. I am a partner at Fisher Taubenfeld LLP. I was admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law, with a strong focus on wage-and-hour law. I have litigated as the primary

---

[1] We are attaching the executable copy of Plaintiff's retainer agreement, but not the signed agreement. Unfortunately, Plaintiff's executed retainer agreement has been lost because the electronic app he used to send the agreement deleted his message. We only recently noticed the deletion, and he is in the process of signing a new agreement.

attorney dozens of FLSA cases and have been designated class counsel in a FLSA case in this District in Gonzalez et al v. Allied Concrete Industries Inc. et al., EDNY Case No.: 2:14-cv-4771 (JFB)(AKT) in which Judge Brown recently granted partial summary judgment for the class on liability and damages. I have also successfully won appeals in wage-and-hour matters before the Second Circuit and New York courts. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77 (2d Cir. 2018); Hichez v. United Jewish Council of the E. Side, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020). I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA. I have also been named a "Rising Star" by Super Lawyers and Fisher Taubenfeld LLP bills my work at $495 an hour to non-contingency based clients. Courts in this District have awarded hourly rates of $400 to experienced FLSA practioners. Tarazona v. Rotana Cafe & Rest. Inc., No. 16-CV-76 (PK), 2017 WL 2788787, at *2 (E.D.N.Y. June 27, 2017); Vargas v. Jet Peru-Courier Corp., No. 15-CV-6859 (RRM)(PK), 2018 WL 1545699, at *11 (E.D.N.Y. Mar. 14, 2018).

The hours expended are appropriate as well. Plaintiffs' counsel spent 13.8 hours on this matter for a total of $5,520, which is a lodestar of 2.35. See **Exhibit 3**. This work involved drafting the complaint, negotiating the settlement, communicating with Plaintiff, and drafting the settlement paperwork. Courts have allowed similar lodestars. Lesser v. TIAA Bank, FSB, No. 19-CV-1707 (BCM), 2020 WL 6151317, at *3 (S.D.N.Y. Oct. 20, 2020) (permitting a lodestar of 2.685);

Fees and costs are therefore warranted.

We greatly appreciate the Court's attention to this matter.

Very truly yours,
--------------/s/------------
Michael Taubenfeld

Encl.

3

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANTOS PAULINO LOPEZ, individually
and on behalf of others similarly situated,

         Plaintiff,

        -against-

KAPOS AUTO INC., MARCELO
CALDARAS, and MARIUS CALDARAS,

        Defendants.

Case No.: 21-cv-0145 (WFK)(JRC)

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Full and Final Release of all Claims ("Agreement") is entered into as of this ___ th of October 2021 by Plaintiff SANTOS PAULINO LOPEZ and Defendants KAPOS AUTO INC., MARCELO CALDARAS, and MARIUS CALDARAS (collectively, "Defendants") (Plaintiff and Defendants are the "Parties").

WHEREAS Plaintiff commenced the within action (the "Action") asserting claims arising from and related to her employment by Defendants;

WHEREAS Defendants deny the allegations and deny all liability;

WHEREAS the Parties are desirous of resolving the present litigation and dispute between them;

WHEREAS, the parties reached an agreement in principle on most issues at a mediation on August 10, 2021;

WHEREAS, the parties have now reached an agreement on all issues;

1

WHEREAS, it is expressly understood that Plaintiff and Defendants have entered into this Agreement solely for the purpose of avoiding further litigation and the cost of ongoing litigation;

WHEREAS, the Parties agree to submit this Agreement to the Court for its approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

NOW THEREFORE, in consideration of the undertakings contained in this Agreement, and for other good and valuable consideration, it is hereby stipulated and agreed to by the Parties as follows:

1. Payments:

    a. Defendants agree to pay $40,000 to Plaintiff and Fisher Taubenfeld LLP in full resolution of Plaintiff's claims ("Settlement Payments"). No later than 15 days after the Court approves the settlement and dismisses this Action, Defendants agree to make the initial payment of $20,000 ("Initial Payment") broken down as follows: to Plaintiff $12,692.00 and to Fisher Taubenfeld LLP $7,308.00. Subsequently, Defendants shall make 5 monthly payments totaling $20,000 ($4,000 per payment) starting 30 days after the initial payment and then on the first day of each successive month ("Installment Payments") as follows: to Plaintiff $2,666.67 and Fisher Taubenfeld LLP $1,333.33.

    b. Each payment to Plaintiff shall be issued via check in Plaintiff's name or direct deposit into his bank account, for which an IRS Form 1099 shall be issued and withholdings and deductions not taken. All checks shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

2

c.  All payments to Fisher Taubenfeld LLP shall be for attorneys' fees and costs, which shall be inclusive of all claims for attorneys' fees and expenses. These payments will be issued via check made out to Fisher Taubenfeld LLP or direct deposit into the firm's bank account and shall be sent to Michael Taubenfeld, Esq., Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, NY 10007.

d.  All Defendants shall be jointly and severally liable for the payments required in this Paragraph.

e.  Plaintiff agrees to indemnify and hold harmless Defendants for any tax consequences to Defendants resulting from his failure to pay his share of taxes arising from the Settlement Payments.

f.  In the event that any of the Settlement Payments required hereunder are not timely made, Plaintiff's counsel may issue a written Notice of Breach and send same to Defendants' counsel in accordance with Paragraph 8 of this Agreement. Defendants shall thereafter have ten (10) calendar days to cure the breach by paying the past due Settlement Payment. If Defendants fail to cure the Breach within ten (10) calendar days of service of the Notice of Breach or if Defendants fail to timely make a Settlement Payment on more than three occasions, they shall be in default, rendering Defendants jointly and severally liable for the sum of $50,000, less any monies theretofore paid by Defendants prior to the occurrence of such default under this Agreement. Such liability shall be in lieu of all costs of collection, interest, to the extent that they have accrued prior to the entry of judgment, but Plaintiff will be entitled to recover any collection costs and attorneys' fees incurred in collecting on the judgment. Any language contained herein to the contrary notwithstanding, the

3

Defendants shall be entitled to no more than two (2) notices to cure. If there is a third occasion upon which payment is not received in the office of Plaintiff's counsel on the date required by this Paragraph, or a third occasion upon which a check given in payment hereunder is dishonored, or a third occurrence of any combination of the non-receipt of a payment on time or a dishonored check, and two notices to cure have, at such time, previously been served hereunder, no further notice to cure shall be required, and the Plaintiff and/or his counsel may enter judgment upon the confession given hereunder without service of any further notice to cure. The affidavit of confession of judgment which is appended hereto as Exhibit 1 is incorporated by reference herein, and shall be held in escrow by Plaintiff's counsel and not released unless there is a default under this Agreement, and either i) Defendants' fail to cure within the time period required, or ii) Defendants' default and no further notice to cure is required hereunder. After consultation with counsel, Defendants, and each of them, agree that this provision is not a penalty or forfeiture as a matter of New York State substantive contract law, and warrant that no such argument will be made under any circumstances in the future in opposition to any application for the entry of judgment or in support of any application to vacate any judgment. It is also understood that this default provision was a *sine qua non* for extending the Defendants' time to make payment hereunder, and Plaintiff insisted upon this provision to insure that the Settlement Payments are given sufficient priority among the Defendants' other financial obligations.

## 2. Release of Claims:

Plaintiff waives all claims against Defendants and releases and forever discharges

4

Defendants to the fullest extent permitted by law from any and all liability for any claims, rights or damages of any kind, that Plaintiff may have against Defendants under the Fair Labor Standards Act and New York Labor Law, as well as any claims asserted in the Action. This Agreement is not intended to, and does not, release rights or claims that arose or may arise after the date of the Agreement, including without limitation any rights or claims that Plaintiff may have to secure enforcement of the terms and conditions of this Agreement. Plaintiff further agree to dismiss with prejudice any pending civil lawsuit or arbitration covered by the Release of Claims.

3. **Dismissal, No Future Lawsuits:**

Plaintiff shall cause her attorney to execute a Stipulation of and Order of Dismissal, attached as **Exhibit 2**, dismissing the Action in its entirety, with prejudice. Plaintiff shall also submit this Agreement, along with any necessary, to obtain a finding from the Court that this Agreement is fair and reasonable.

4. **Integration Clause:**

This Agreement constitutes the entire and only understanding and agreement among Plaintiff and Defendants respecting the subject matter of this action. All prior or contemporaneous understandings, discussions, agreements, writings of any kind and/or representations, whether oral or written, are expressly superseded by this Agreement. No party hereto is relying on any representations made by any other party regarding or related to this Agreement or the implications thereof.

5. **Additional Clauses:**

a.      This Agreement is the product of negotiation among the Parties and shall not be construed against any party as draftsman.

5

b.      This Agreement may not be amended, modified or waived, except by a writing signed by all Parties hereto. Waiver by any of the parties hereto of any breach hereunder by any other party shall not operate as a waiver of any other breach, whether similar to or different from the breach waived. No delay on the part of any of the parties in the exercise of any of their respective rights or remedies shall operate as a waiver thereof, and no single or partial exercise by any of the parties of any such right or remedy shall preclude other or further exercise thereof.

c.      This Agreement will be binding on and will inure to the benefit of the Parties and their respective agents, servants, employees, insurers, predecessors, successors, assigns, heirs and/or administrators, and any and all related, affiliated and subsidiary entities.

d.      This Agreement will be interpreted and otherwise governed under the laws of the State of New York.

e.      Should any provision of this Agreement be held invalid, illegal or unenforceable, it shall be deemed to be modified so that its purpose can lawfully be effectuated and the balance of this Agreement shall remain in full force and effect.

f.      The Parties hereby acknowledge and consent to the power and continuing jurisdiction of the United States District Court for the Eastern District of New York to enforce the terms of this Agreement.

**6.  Notices:**

Any notice under this Agreement shall be sent by email. If to Defendants, such notice shall be sent to Stephen D. Hans, Esq., Stephen D. Hans & Associates, P.C., email addresses:

6

shans@hansassociates.com.  If to Plaintiff, such notice shall be sent to Michael Taubenfeld, Esq.,

Fisher Taubenfeld LLP, email address: michael@fishertaubenfeld.com.  A party may change its

address or email address for notices by providing notice to such effect in accordance with this

Paragraph.

7.  **Counterparts**:

This Agreement is effective when it has been fully-executed by all Parties.

Electronic and facsimile signatures shall be deemed as originals.  This Agreement may be

executed in any number of counterparts, each of which shall be deemed an original and which

together shall constitute one and the same document.

THE UNDERSIGNED HAVE READ THE FOREGOING
SETTLEMENT AGREEMENT AND GENERAL RELEASE,
FULLY UNDERSTAND IT AND VOLUTARILY AGREE TO
IT

Dated: _____        By:_____
                                       SANTOS PAULINO LOPEZ

                                KAPOS AUTO INC. and MARIUS CALDARAS

Dated: 10-29-2021              By _____
                                       MARIUS CALDARAS

Dated: 10-29-2021              By: _____
                                       MARIUS CALDARAS

Dated: 10-29-2021              By: _____
                                MARCELO CALDARAS

7

shans@hansassociates.com.  If to Plaintiff, such notice shall be sent to Michael Taubenfeld, Esq.,

Fisher Taubenfeld LLP, email address: michael@fishertaubenfeld.com.  A party may change its

address or email address for notices by providing notice to such effect in accordance with this

Paragraph.

7. **Counterparts**:

This  Agreement  is  effective  when  it  has  been  fully-executed  by  all  Parties.

Electronic and facsimile signatures shall be deemed as originals.  This  Agreement  may  be

executed in any number of counterparts, each of which shall  be deemed an original and which

together  shall  constitute one  and  the  same  document.

**THE  UNDERSIGNED  HAVE  READ  THE  FOREGOING
SETTLEMENT AGREEMENT AND GENERAL RELEASE,
FULLY UNDERSTAND IT AND VOLUTARILY AGREE TO
IT**

Dated: _____    11/12/2021          By:_____
                                                                        SANTOS PAULINO LOPEZ


KAPOS AUTO INC. and MARIUS CALDARAS

Dated:_____          By_____
                                                MARIUS CALDARAS


Dated: _____         By:_____
                                                MARIUS CALDARAS


Dated: _____         By:_____
                                       MARCELO CALDARAS

7

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------x
SANTOS PAULINO LOPEZ,                          :
                                               :
                    Plaintiff,                 :    Index No.:
                                               :
        -against-                              :
                                               :
                                               :
KAPOS AUTO INC., MARCELO                       :
CALDARAS, and MARIUS CALDARAS,                 :
                                               :
                    Defendants.                :
                                               :
                                               :
------------------------------x

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK        )
                         : ss.:
COUNTY OF  Que           )

1.      I reside in  Queens  County in the State of New York.

2.      I, Marius Caldaras, am the _____ of Kapos Auto Inc. I am duly authorized to make this affidavit of confession of judgment on behalf of Kapos Auto Inc.

3.      Kapos Auto Inc. maintains its principal place of business in Queens County at 80-50 Cypress Ave, Ridgewood, NY 11385.

4.      Pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement") by and between Santos Paulino Lopez ( "Plaintiff") and Kapos Auto Inc. , Marius Caldaras, and Marcelo Caldaras, (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against KApos Auto Inc. in favor of Plaintiff for the sum of Fifty Thousand Dollars and No Cents ($50,000.00), less any payments made under the Settlement Agreement, plus any attorneys' fees and costs incurred by Plaintiff.

5.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that

8

Defendants are to submit a total sum of $50,000.00 to Plaintiff in installments as set forth in the Settlement Agreement. The amount of this affidavit of confession of judgment represents the settlement amount of $40,000.00, plus an additional $10,000.00 as liquidated damages due to Defendants' breach.

This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

I hereby represent my understanding that upon Defendants' failure to deliver the installment payments pursuant to the terms of the Settlement Agreement and failure to cure such default in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $50,000.00 (less any amounts already paid to Plaintiff pursuant to the schedule set forth in the Settlement Agreement), against Kapos Auto Inc., and I further authorize a judgment against Kapos for any reasonable attorneys' fees and costs incurred by Plaintiff.

This affidavit of Confession of Judgment was not executed prior to the time of a default in payment of an installment in connection with the purchase of $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments.

6.    Terms used herein, but not defined, shall have the meanings ascribed to them in the Settlement Agreement.

Kapos Auto Inc.

By: _____

Marius Caldaras

Title: _____

STATE OF _____ )
                                   ss.:

On _____, 2021, before me personally came _____, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the _____ of Kapos Auto Inc. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Kapos Auto Inc. and was authorized to do so.

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023

9

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SANTOS PAULINO LOPEZ,                          :
                                               :
            Plaintiff.                          :    Index No.:
                                               :
       -against-                                :
                                               :    AFFIDAVIT OF CONFESSION OF
                                               :    JUDGMENT
KAPOS AUTO INC., MARCELO                        :
CALDARAS, and MARIUS CALDARAS,                  :
                                               :
            Defendants.                         :
                                               :
                                               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF Queens     )

1.    I reside in _Queens_ County in the State of _DY_.

2.    Pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement") by and between Santos Paulino Lopez ( "Plaintiff") and Kapos Auto Inc., Marcelo Caldaras, and Marius Caldaras, (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed. I hereby confess judgment and authorize entry thereof against me in favor of Plaintiff for the sum of Fifty Thousand Dollars and No Cents ($50,000.00), less any payments made under the Settlement Agreement, plus any attorneys' fees and costs incurred by Plaintiff.

3.    This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $50,000.00 to Plaintiff in installments as set forth in the Settlement Agreement. The amount of this affidavit of confession of judgment represents the settlement amount of $40,000.00, plus an additional $10,000.00 as liquidated damages due to Defendants' breach.

4.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.    I hereby represent my understanding that upon Defendants' failure to deliver the installment payments pursuant to the terms of the Settlement Agreement and failure to cure such default in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $50,000.00

(less any amounts already paid to Plaintiff pursuant to the schedule set forth in the Settlement Agreement), against me, and I further authorize a judgment against me for any reasonable attorneys' fees and costs incurred by Plaintiff.

6.    This affidavit of Confession of Judgment was not executed prior to the time of a default in payment of an installment in connection with the purchase of $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments.

7.    Terms used herein, but not defined, shall have the meanings ascribed to them in the Settlement Agreement.

_____
Marius Caldaras

Sworn to before me this
_____ day of _____ 2021

Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023

11

SUPREME COURT OF THE STATE OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - X
SANTOS PAULINO LOPEZ,                        :
                                             :
            Plaintiff,                       :    Index No.:
                                             :
      -against-                              :
                                             :    AFFIDAVIT OF CONFESSION OF
                                             :    JUDGMENT
KAPOS AUTO INC., MARCELO                     :
CALDARAS, and MARIUS CALDARAS,               :
                                             :
            Defendants.                      :
                                             :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - X

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF Que         )

1.      I reside in ___Queens___ County in the State of ___DI___.

2.      Pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement") by and between Santos Paulino Lopez ("Plaintiff") and Kapos Auto Inc., Marcelo Caldaras, and Marius Caldaras, (each a "Defendant" and collectively, "Defendants"). to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me in favor of Plaintiff for the sum of Fifty Thousand Dollars and No Cents ($50,000.00), less any payments made under the Settlement Agreement, plus any attorneys' fees and costs incurred by Plaintiff.

3.      This affidavit of confession of judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $50,000.00 to Plaintiff in installments as set forth in the Settlement Agreement. The amount of this affidavit of confession of judgment represents the settlement amount of $40,000.00, plus an additional $10,000.00 as liquidated damages due to Defendants' breach.

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' failure to deliver the installment payments pursuant to the terms of the Settlement Agreement and failure to cure such default in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $50,000.00

12

(less any amounts already paid to Plaintiff pursuant to the schedule set forth in the Settlement Agreement), against me, and I further authorize a judgment against me for any reasonable attorneys' fees and costs incurred by Plaintiff.

7.     This affidavit of Confession of Judgment was not executed prior to the time of a default in payment of an installment in connection with the purchase of $1,500.00 or less of any commodities for any use other than a commercial or business use upon any plan of deferred payments whereby the price or cost is payable in two or more installments.

7.     Terms used herein, but not defined, shall have the meanings ascribed to them in the Settlement Agreement.

_____
Marcelo Caldaras

Sworn to before me this
  5  day of  March  2021

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 30, 2023

13

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANTOS PAULINO LOPEZ, individually
and on behalf of others similarly situated,

          Plaintiff,                                    Case No.: 21-cv-0145 (WFK)(JRC)

     -against-                                          STIPULATION AND ORDER OF
                                                        DISMISSAL

KAPOS AUTO INC., MARCELO
CALDARAS, and MARIUS CALDARAS,

          Defendants.

       IT IS HEREBY STIPULATED by and between Plaintiff and Defendants, that the above-captioned action is hereby dismissed with prejudice pursuant to a settlement agreement.

       IT IS FURTHER STIPULATED AND AGREED that the United State District Court for the Eastern District of New York, shall retain jurisdiction for purposes of enforcing the parties' settlement agreement attached to the parties' settlement agreement dated October ___, 2021.

       IT IS FURTHER STIPULATED AND AGREED that the Settlement Agreement submitted to the Court on October ___, 2021 is fair and reasonable.

FISHER TAUBENFELD LLP                    STEPHEN D. HANS & ASSOCIATES, P.C.

By: _Michael Taubenfeld_                 By: _____
Michael Taubenfeld, Esq.                 Stephen D. Hans, Esq.
225 Broadway, Suite 1700                 30-30 Northern Blvd, Suite 401
New York, New York 10007                 Long Island City, NY 11101
*Attorneys for Plaintiff*                *Attorneys for Defendants*

SO ORDERED:

_____
Hon. James R. Cho, U.S.M.J.

14

**EXHIBIT 2**

# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Principal** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

11 de noviembre, 2020

**VÍA CORREO ELECTRÓNICO-Paulitnos@gmail.com**
Santos Pulido Lopez
(917) 202-6664

Ref.:  **Contrato de Prestación de Servicios Profesionales**

Estimado Sr. Lopez,

Este documento constituye el contrato de prestación de servicios legales de Fisher Taubenfeld LLP (la "Firma") para representarlo en la negociación o litigio en contra de su ex empleador, Kapos Autos Inc y a cualquier individuo o entidad relacionada (el "Empleador").

## I.       Contrato y Gastos.

Hemos accedido a representarlo con honorarios en base a resultados, mediante el cual nuestra firma cobrará el cuarenta por ciento (40%) de cualquier cantidad obtenida a su nombre, (ya sea por medio de una conciliación, acuerdo o cualquier otro recurso legal) incluyendo cualquier cantidad previamente ofrecida.  Usted es responsable por todos los gastos relacionados, incluyendo entre otros los honorarios de expertos, tarifas de tramitación, costos de declaraciones, viajes, comidas, costos de llamadas locales y de larga distancia, costos de investigaciones electrónicas (como Lexis y Westlaw), copias, faxes, gastos de envío y servicios de investigación externa.[1]  La Firma podría incurrir en gastos anticipados a su nombre, pero usted debe reembolsar a la Firma por dichos anticipos cuando la Firma le presente su facturación.  El porcentaje de los honorarios en base a resultados se sustrae de la suma recobrada después de deducir todos los gastos y desembolsos.

## II.       Alcance de la Representación.

La Firma ha accedido a representarlo en sus reclamos de salarios no pagados. Los honorarios señalados en la Sección I no incluyen de ninguna manera su representación en cualquier (1) apelación en la corte de apelaciones ni procedimientos para hacer cumplir una disposición; (2) procedimientos para compensación laboral (Worker's Compensation); (3) procedimientos para seguro de desempleo (Unemployment Insurance); (4) procedimientos penales; (5) procedimientos de bancarrota; (6) reclamaciones bajo la Ley de Seguridad de Ingresos para los Empleados Jubilados (Employee Retirement Income Security Act, ERISA); ni (7) procedimientos contra su Empleador sin relación directa con las

---

[1]  Las fotocopias tienen un costo de $0,05 centavos por página.  La recepción y envío de faxes tiene un costo de $0,25 centavos por página.

reclamaciones cubiertas listadas en este parágrafo ("Reclamaciones excluidas").    Si cualquier Reclamación excluida fuera necesaria y la Firma accede a representarlo, dichos honorarios adicionales serán negociados entre las partes.

### III.    No se garantizan resultados.

La Firma no hace promesas ni garantiza resultados con relación a los asuntos por los que nos ha contratado.

### IV.    Terminación de Servicios Profesionales.

El presente Contrato podrá ser terminado por cualquiera de las partes en cualquier momento mediante notificación escrita a la contra parte.  La Firma normalmente no termina su representación, excepto cuando: (a) un cliente da falsos testimonios o no nos revela hechos materiales, (b) un cliente no paga los honorarios o los gastos, (c) un cliente hace que sea falta de ética o nos hace excesivamente difícil continuar con su representación o (d) existe otra causa justificable.  Una causa justificable incluiría su negativa para aceptar una propuesta de acuerdo que creamos justa y razonable.  Nuestra evaluación de dicha propuesta de acuerdo dependerá, entre otros, de la combinación de daños y pérdidas financieras que ha sufrido, el estado de las leyes aplicables y la probabilidad de prevalecer en una acción legal formal.  Si una acción legal ha sido entablada a su nombre, pediremos el permiso pertinente para terminar nuestra representación, según como corresponda.  La terminación del presente Contrato coincidirá con una orden judicial apropiada para la terminación.

Si usted termina este Contrato antes de que se alcance una disposición final, la Firma tendrá derecho a la cantidad que sea mayor de (a) nuestros honorarios en base a resultados sobre la suma recobrada o (b) nuestros honorarios de todo trabajo realizado hasta la fecha de terminación de este Contrato.

### V.    Honorarios por hora.

Los honorarios por hora de la Firma son:

Liane Fisher (socia) – $475.00
Michael Taubenfeld (socio) – $475.00
Asociado superior – $350.00
Asociado menor – $275.00
Asistente jurídico – $175.00

El tiempo que se le cobrará incluirá la revisión del expediente del caso, conferencias telefónicas y en persona con usted y con otros abogados, testigos, consultores, personal administrativo de la corte o de la agencia, entre otros; conferencias entre nuestro personal jurídico y con otros abogados, personal judicial o administrativo de la agencia, investigación de hechos, investigación legal, respuesta a sus solicitudes, redacción de correspondencia y demás documentos, tiempo de viaje, tiempo de espera, tiempo en el

Sr. Santos Pulido Lopez
11 de noviembre, 2020
Página 3

tribunal o ante un organismo administrativo y en cualquier otro tiempo empleado a su nombre o en relación con asuntos inmediatos.[2]

Se entiende y acuerda que la Firma podrá, a criterio exclusivo de la Firma, asociarse con otros abogados como codefensores mientras la Firma lo pueda considerar apropiado o necesario, o a delegar a otros abogados algunos de los servicios a proveérsele. De ninguna manera usted será responsable por honorarios de abogados que excedan el porcentaje acordado en el Parágrafo I titulado "Contrato y Gastos."

## VI.    Conflicto de Interés.

Basados en la información actualmente disponible para nosotros, no somos consciente de ningún conflicto de interés en este momento. Cuando la Firma representa a otros empleados que trabajan para su empleador o a otra clase de personas en una situación similar (los "co-demandantes"), debe tener en cuenta que la representación de la Firma en el futuro puede implicar conflictos de interés reales. En caso de que ocurra, la Firma tratará de informarle puntualmente sobre cualquier conflicto, de modo que usted pueda decidir si desea contratar a otro abogado.

Hay ventajas para la Firma que representa a más de un individuo en una negociación o demanda. Sin embargo, la representación de más de un individuo también significa que la Firma deba compartir su lealtad entre abogado y cliente. Aunque la Firma no esté al tanto de ningún efecto adverso real o razonablemente previsible de lealtad compartida, es posible que la representación de la Firma pueda estar limitada por la representación de la Firma a otro co-demandante. Por ejemplo, un conflicto de interés puede surgir cuando un co-demandante sigue siendo empleado de su empleador, mientras usted ya ha sido despedido. En este caso, el co-demandante puede recibir una oferta de acuerdo que no le sea aplicable a usted o (viceversa).

Por otra parte, debido a que la Firma puede ser contratada conjuntamente por usted y otros co-demandantes, el privilegio abogado-cliente no protege las comunicaciones que han tenido lugar entre usted, otros demandantes y nuestra Firma. Si hay una disputa entre usted y los co-demandantes, la Firma puede ser descalificada para representarle y a los co-demandantes sin consentimiento escrito a todos ustedes.

La Firma le pide su consentimiento para la representación continua y futura de co-demandantes, y se compromete a no hacer valer ningún conflicto de interés o tratar de rescindir a la Firma de la representación de los co-demandantes, a pesar de que se pueda desarrollar alguna adversidad. Al firmar y devolver este Contrato, usted acepta dicho acuerdo y renuncia a cualquier conflicto.

## VII.    Observaciones diversas.

Este Contrato se rige por las leyes del Estado de Nueva York, con independencia de cualquier conflicto de principios legales.   Cualquier disputa, reclamo o

---

[2] El tiempo se cobra en incrementos de seis minutos.

acción con relación a la interpretación, puesta en práctica o incumplimiento de este Contrato, incluyendo cualquiera reclamación de negligencia legal, será instaurada en una corte en el Estado de Nueva York, Condado de Nueva York. También acepta someterse a la jurisdicción personal de dicha corte en lo relacionado con la resolución de cualquier disputa.

No obstante lo dicho anteriormente, si surge una disputa sobre honorarios entre nosotros, usted tiene el derecho de solicitar arbitramento en virtud de dicha disputa sobre honorarios bajo el Programa de Resolución de Disputas sobre Honorarios Cliente-Abogado del Estado de Nueva York (New York State Attorney-Client Fee Dispute Resolution Program) (22 N.Y.C.R.R Apartado 137). Ese programa ordena que el cliente solicite el arbitramento para disputas sobre honorarios y permite que el abogado solicite el arbitramento si el cliente ha accedido a ello. Dicha disputa sobre honorarios será expuesta ante el tribunal de arbitramento que maneja disputas en el condado de Nueva York en el que se prestaron la mayoría de los servicios legales. El resultado del arbitramento será final y obligatorio para el abogado y el cliente a menos que se solicite una revisión en su debido plazo. Todos los procedimientos y audiencias, incluyendo todos los documentos del caso de arbitramento, serán confidenciales. Al hacer efectivo este Contrato, usted da consentimiento y accede a las provisiones en relación con jurisdicción, lugar y arbitramento.

*                    *                    *

[No hay texto adicional en esta página]

Sr. Santos Pulido Lopez
11 de noviembre, 2020
Página 5

**VIII.  <u>Retención de Litigios.</u>**

Aprovechamos esta oportunidad para recordarle su obligación de identificar, preservar, guardar y no destruir ningún documento ni información relevante pertinente a este asunto.  Esta información incluye todo documento en papel o datos en medios electrónicos.  Los medios electrónicos incluyen, entre otros, los siguientes: correos electrónicos, archivos de procesador de textos, fotografías, bases de datos, archivos de datos y carpetas de datos, sin importar que la información se guarde en servidores, computadoras portátiles o de escritorio, copias de seguridad, computadores residenciales y personales, cuentas privadas de correo electrónico, registros de teléfono personales, disquetes, discos compactos (CDs), unidades ZIP y aparatos digitales tales como iPads y teléfonos inteligentes.  No preservar estos documentos o información electrónica puede traer consecuencias negativas.

*                    *                    *

[No hay texto adicional en esta página]

Sr. Santos Pulido Lopez
11 de noviembre, 2020
Página 6

**Iniciales: _____**     Página 5

Sr. Santos Pulido Lopez
11 de noviembre, 2020
Página 7

Esperamos seguir representándolo. Por favor llámenos si tiene cualquier pregunta acerca de este Contrato.  Su firma en esta página representa su consentimiento de los términos de este Contrato.

Muy cordialmente,

FISHER TAUBENFELD LLP

Michael Taubenfeld

He leído y comprendido este Contrato y accedo a sus términos.

_____          _____

SANTOS PULIDO LOPEZ                               FECHA

**EXHIBIT 3**

| First name | Last name | Date | Day | In | Out | Hours | Job |
|---|---|---|---|---|---|---|---|
| Taubenfeld | | | | | | | |
| Michael | Taubenfeld | 12/10/2020 | Thu | | | 0.60 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Draft complaint | | | | | | | |
| Michael | Taubenfeld | 12/13/2020 | Sun | | | 0.50 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Finalize draft complaint | | | | | | | |
| Michael | Taubenfeld | 02/01/2021 | Mon | | | 1.20 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Prepare damages calculations | | | | | | | |
| Michael | Taubenfeld | 02/02/2021 | Tue | | | 0.30 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ Plaintiff to discuss the status of the case | | | | | | | |
| Michael | Taubenfeld | 03/03/2021 | Wed | | | 0.10 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ opposing counsel to discuss extension of time to answer | | | | | | | |
| Michael | Taubenfeld | 03/11/2021 | Thu | | | 0.10 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ opposing counsel re: settlement | | | | | | | |
| Michael | Taubenfeld | 03/15/2021 | Mon | | | 0.20 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ Plaintiff to discuss Defendants' settlement demands | | | | | | | |
| Michael | Taubenfeld | 03/16/2021 | Tue | | | 0.20 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Review Answer | | | | | | | |
| Michael | Taubenfeld | 05/11/2021 | Tue | | | 0.20 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ opposing counsel to discuss case management plan | | | | | | | |
| Michael | Taubenfeld | 06/23/2021 | Wed | | | 0.20 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ Plaintiff to discuss next steps | | | | | | | |
| Michael | Taubenfeld | 07/15/2021 | Thu | | | 0.20 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ Plaintiff to discuss settlement | | | | | | | |
| Michael | Taubenfeld | 08/08/2021 | Sun | | | 2.40 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Draft mediation statement | | | | | | | |
| Michael | Taubenfeld | 08/10/2021 | Tue | | | 3.50 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Attend mediation | | | | | | | |

| Michael | Taubenfeld | 08/13/2021 | Fri | 0.30 | Lopez, Santos Paulino › Michael Taubenfeld |
|---|---|---|---|---|---|
| **NOTES:** Telco w/ Plaintiff and WC attorney to discuss his worker's comp case | | | | | |
| Michael | Taubenfeld | 08/13/2021 | Fri | 0.30 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ opposing counsel to discuss settlement | | | | | |
| Michael | Taubenfeld | 09/01/2021 | Wed | 0.20 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ opposing counsel re: settlement issues | | | | | |
| Michael | Taubenfeld | 09/02/2021 | Thu | 0.20 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ opposing counsel re: settlement | | | | | |
| Michael | Taubenfeld | 10/08/2021 | Fri | 0.20 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ opposing counsel re: settlement | | | | | |
| Michael | Taubenfeld | 10/08/2021 | Fri | 0.20 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Telco w/ Plaintiff re: settlement | | | | | |
| Michael | Taubenfeld | 10/25/2021 | Mon | 1.10 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Draft settlement agreement | | | | | |
| Michael | Taubenfeld | 12/09/2021 | Thu | 1.10 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Draft Cheeks letter | | | | | |
| Michael | Taubenfeld | 12/13/2021 | Mon | 0.50 | Lopez, Santos Paulino › Michael Taubenfeld |
| **NOTES:** Finalize Cheeks letter and file | | | | | |
| | | | | 13.8 Hours | |